1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NAGEEB KASSEM, and NORA KASSEM, )<br><br> Plaintiffs, )<br> v. )<br><br> MICHAEL CHERTOFF, in his capacity )<br> as Secretary of Homeland Security, et al., )<br><br> Defendants. ) | CIV F 08-10  AWI SMS<br><br>**ORDER ON PLAINTIFFS'S<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER**<br><br>(Doc. No. 22) |

18     This is an immigration case brought by Nageeb Kassem and his wife Nora Kassem. Nora

19 is a United States citizen by birth.  Nageeb seeks lawful permanent resident status.  Nageeb's

20 application is currently pending before Immigration Judge ("IJ") Polly Webber.  For the reasons

21 that follow, Plaintiffs' motion will be denied.

22

23                    **BACKGROUND**

24     From the declaration of Plaintiffs' counsel and the attached exhibit, see Court's Docket

25 Doc. No. 23, on January 31, 2008, IJ Webber issued an order.  The order states that the record of

26 proceedings in Nageeb's case was otherwise complete on May 8, 2007, except for a required

27 background check by DHS.  The order states that fingerprints and financial and medical

28 information had become out of date and that updated information was necessary.  IJ Webber has

1   directed that Nageeb submit current fingerprints and financial and medical information on or by

2   April 1, 2008, in preparation for an April 22, 2008, hearing.  IJ Webber's order also chastises

3   DHS for not having timely completed the required background check on Nageeb, states that DHS

4   has failed to give any time estimates about a completion date in violation of regulations, and

5   indicates that DHS has violated Nageeb's right to due process.  IJ Webber's order also states that

6   hearings have been moved due to DHS's failure to comply with regulations/provide the

7   background check.  IJ Webber states that, if DHS does not present the background check or

8   explain the delay and estimate a completion date, then she will end the proceeding with

9   prejudice.  The order states that the government must submit its readiness statement on or before

10  April 15, 2008, including an estimation if the background check is not complete.

11         In response to IJ Webber's order and the upcoming April 22, 2008, hearing date,

12  Plaintiffs have filed an *ex parte* motion for a temporary restraining order.  Plaintiffs request that

13  the Court issue a restraining order that relieves Nageeb of his obligations under the January 2008

14  order and that prevents IJ Webber from dismissing Nageeb's case.  Nageeb asserts that he will be

15  irrevocably harmed if he is forced to provide current financial and medical information and will

16  be irrevocably harmed if IJ Webber dismisses his case, in part because he will be forced to

17  appear before a new agency that is prejudiced against him.

18         Nageeb's counsel explains that he has objected to IJ Webber's order and has been waiting

19  word from the Defendants on ameliorating the situation.  Nageeb's counsel states that he waited

20  as long as he could before filing this motion, but, as of the date of filing, there have been no new

21  developments.  Nageeb's counsel states that he is unavailable due to out of state travel from

22  March 14 through March 30, 2008.  He requests that the Court act prior to April 1, 2008.

23  Nageeb's counsel also requests leave to supplement his motion with adequate points and

24  authorities after April 1, 2008, since the current motion does not cite any legal authority and is

25  made on an emergency basis.  Nageeb's counsel requests that a hearing date be set for after April

26  8, 2008, for the issuance of a preliminary injunction.

27

28                                                                2

1    _Legal Standard_

2          Under Rule 65(b), a court may issue an *ex parte* temporary restraining order only if:  (1) it

3    clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the

4    applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the

5    applicant's attorney certifies to the court in writing the efforts, if any, which have been made to

6    give the notice and the reasons supporting the claim that notice should not be required.  Fed. R.

7    Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).  Rule

8    65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte*

9    are to be "restricted to serving their underlying purpose of preserving the status quo and

10   preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."

11   Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974); McCord,

12   452 F.3d at 1131.  The substantive standard for granting a temporary restraining order is the same

13   as the standard for entering a preliminary injunction.  Bronco Wine Co. v. U.S. Dep't of Treasury,

14   997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft

15   Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995); see also Welker v. Cicerone, 174 F.Supp.2d

16   1055, 1062 (C.D. Cal. 2001).  The Ninth Circuit has explained the criteria for issuing a

17   preliminary injunction (and therefore also a temporary restraining order) as follows:

18             Under the 'traditional' test, a party must demonstrate:  (1) a strong likelihood of
               success on the merits, (2) the possibility of irreparable injury to plaintiff if the
19             preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff,
               and (4) advancement of the public interest (in certain cases).  Alternatively, a
20             court may issue a preliminary injunction if the moving party demonstrates either a
               combination of probable success on the merits and the possibility of irreparable
21             injury or that serious questions are raised and the balance of hardships tips sharply
               in his favor.
22
23   Global Horizons, Inc. v. United States DOL, 510 F.3d 1054, 1057 (9th Cir. 2007); Earth Island

     Inst. v. United States Forest Serv., 442 F.3d 1147, 1158 (9th Cir. 2006).  "[U]nder either criteria,
24
     where a plaintiff fails to even raise serious questions about its likelihood of success, an
25
     injunction may not issue."  Freecycle Network, Inc. v. Oey, 505 F.3d 898, 902 (9th Cir. 2007);
26
     see also Global Horizons, 510 F.3d at 1058.
27

28                                                    3

1

_Discussion_

2     Plaintiffs have not sufficiently met their burden of justifying an _ex parte_ restraining order.

3  First, it is not clear, without briefing from the parties, whether the Court could prohibit IJ

4  Webber from dismissing Nageeb's case.  Cf. Singh v. Riding, 2008 U.S. Dist. LEXIS 3585, *11

5  (E.D. Cal. 2008) ("There is no question that a district court does not have jurisdiction to review

6  the discretionary denial of adjustment of status under [8 U.S.C. § 1255].").  Second, the dismissal

7  of Nageeb's case, if that even occurs, would not be until April 22, 2008 – more than one month

8  away.  Such a time frame is not consistent with emergency _ex parte_ temporary restraining orders.

9  Third, the real harm that Plaintiffs seem to wish to avoid by this motion is not IJ Webber's

10 dismissal of Nageeb's case, rather, it is Nageeb having to provide current fingerprints and

11 financial and medical information.  Plaintiffs want a temporary restraining order in place no later

12 than March 31, 2008.  That is because Nageeb is obligated to provide the updated information by

13 April 1, 2008.  Ideally, a decision would have been made in Nageeb's case prior to May 2007,

14 when the requested information was not stale.  However, when an agency with limited resources

15 is involved, immediate speed is not always possible.  The IJ's order states that the fingerprints

16 and medical and financial information have gone stale.  If the information was provided in May

17 2007, then that information is now 10 months old.  A great deal can happen in 10 months, and

18 while perhaps regrettable that new information is now necessary, it does not seem unreasonable

19 to require Nageeb to provide current information.  The public interest with respect to

20 immigration matters would seem to favor decisions that are based on current information.

21 Further, and importantly, there is no explanation of how providing this updated information

22 constitutes harm, let alone irreparable harm.  At best, the request for current information seems to

23 be an inconvenience.  Finally, Plaintiffs have cited no authority that shows that this aspect of IJ

24 Webber's order is improper, unreasonable, or even reviewable by this Court.[1]

25

26

27     [1]Also, Plaintiff does not discuss any administrative appeals that may be available.

28                                          4

1    Plaintiffs have not met the stringent burden for an *ex parte* temporary restraining order.

2    Additionally, given the lack of authority in the application, no order to show cause regarding a

3    preliminary injunction will issue.  If Plaintiffs wish to pursue a restraining order or injunction for

4    a possible event that may or may not occur on April 22, 2008, they will have to file a motion that

5    is properly supported by citation to legal authority, and should do so well before April 22, 2008.

6    If and when such a motion is filed, then the Court will issue a briefing schedule.  Since the

7    Defendants were served with the current motion, and Plaintiffs' counsel will be back in town on

8    March 31, 2008, the Court does not foresee the need for another *ex parte* motion.

9

10    Accordingly, IT IS HEREBY ORDERED that Plaintiffs' *ex parte* motion for temporary

11    restraining order is DENIED.

12

13    IT IS SO ORDERED.

14    **Dated:    March 19, 2008**                      _____ **/s/ Anthony W. Ishii** _____
                                                         UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                         5