1
2
3
4
5
6
7
8       IN THE UNITED STATES DISTRICT COURT FOR THE

9              EASTERN DISTRICT OF CALIFORNIA

10  NAGEEB KASSEM, et al.,                    )      08-CV-00010 AWI-SMS
                                              )
11              Plaintiffs,                   )      ORDER GRANTING
                                              )      DEFENDANTS' MOTIONS TO
12       v.                                   )      DISMISS PLAINTIFFS'
                                              )      COMPLAINT FOR LACK OF
13  MICHAEL CHERTOFF, Secretary               )      SUBJECT MATTER
    Department of Homeland Security, et al.,  )      JURISDICTION AND FAILURE
14                                            )      TO STATE A CLAIM WITH
                Defendants.                   )      LEAVE TO AMEND
15  _____)
                                                     (Documents #43 & #50)
16

17

18          This is an immigration case brought by plaintiffs Nageeb Kassem ("Nageeb") and his

19  wife Nora Kassem ("Nora"), collectively ("Plaintiffs").  Nora is a United States citizen by birth.

20  Nageeb seeks lawful permanent resident status.  Nora's approved Form I-130 petition ("I-130")

21  for an Alien Relative was revoked.  Immigration Judge Polly Webber ("Judge Webber")

22  pretermitted Nageeb's Form I-485 adjustment of status to lawful permanent resident application

23  ("I-485") based on Nora's I-130 revocation.  Nageeb and Nora seek judicial review of the I-130

24  revocation and I-485 pretermission.

25          In the instant motion, Official Capacity Defendants seek to dismiss Plaintiffs' third-

26  amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to

27  state a claim under Rule 12(b)(6).  Individual Capacity Defendants also seek to dismiss

28  Plaintiffs' third-amended complaint for lack of subject matter jurisdiction under Rule 12(b)(1),

lack of personal jurisdiction under Rule 12(b)(2), and for failure to state a claim under Rule 12(b)(6). For the reasons stated below, Official Capacity Defendants' and Individual Capacity Defendants' motions to dismiss Plaintiffs' claims against them is granted with leave to amend.

## PROCEDURAL BACKGROUND

On December 31, 2007, Plaintiffs filed a complaint against Secretary for the Department of Homeland Security ("DHS") Michael Chertoff ("Chertoff"), Assistant Secretary for DHS and Bureau of Immigration and Customs Enforcement ("ICE") Julie Myers ("Myers"), Assistant Secretary for DHS and Acting Director of the Bureau of Citizenship and Immigration Services ("USCIS") Jonathan Scharfen ("Scharfen"), USCIS's Fresno Field Office Director Don Riding ("Riding"), ICE's San Francisco District Office Chief Legal Counsel Ronald LeFavre ("LeFavre"), ICE's Fresno Field Office Director Nancy Alcantar ("Alcantar"), United States Attorney General Michael Mukasey ("Mukasey"), Chief Judge of the Executive Office of Immigration Review ("EOIR") David L. Neal ("Chief Judge Neal"), and Judge Webber in their individual and official capacities, and DOES I-IV and DOES V-VIII. Plaintiffs' complaint sought to require DHS to complete Nageeb's background investigation or to require DOJ to adjudicate his I-485. On March 12, 2008, Plaintiffs filed a first-amended complaint. On May 13, 2008, Plaintiffs filed a second-amended complaint.

On July 17, 2008, Plaintiffs filed a third-amended and supplemented complaint for writs of mandamus, writs of prohibition, injunctive relief, and Bivens damages. Plaintiffs' third-amended complaint seeks to compel DHS and USCIS to rescind the revocation of Nora's previously approved I-130 and for EOIR to vacate the order pretermitting Nageeb's application for adjustment of status to that of a lawful permanent resident. The first cause of action requests a writ of mandamus ordering DHS and USCIS to rescind their revocation of Nora's previously approved I-130. The second cause of action requests an injunction compelling DHS and USCIS to rescind their revocation of Nora's I-130 petition. The third cause of action requests a writ of prohibition prohibiting DHS, Department of Justice ("DOJ"), ICE, USCIS, and EOIR from

enforcing the I-130 revocation. The fourth cause of action requests a writ of mandamus ordering the completion of his immigration clearance. The fifth cause of action requests a writ of mandamus ordering EOIR to vacate Judge Webber's pretermission order of Nageeb's I-485 petition and complete its adjudication. The sixth cause of action requests a writ of mandamus ordering EOIR to vacate Judge Webber's I-485 pretermission order and complete its adjudication based on an ultra vires grant of power to the DHS. The seventh cause of action requests a writ of prohibition and injunctive relief to prevent EOIR from imposing obligations on Nageeb and to prevent EOIR from relying on Judge Webber's I-485 pretermission order. The eighth cause of action seeks <u>Bivens</u> damages against the Individual Capacity Defendants for various alleged constitutional rights violations.

On August 15, 2008, Official Capacity Defendants filed a motion to dismiss Plaintiffs' claims for lack of subject matter jurisdiction and failure to state a claim.

On September 12, 2008, Plaintiffs filed an opposition to the Official Capacity Defendants' motion.

On September 30, 2008, Individual Capacity Defendants filed a motion to dismiss for lack of subject matter jurisdiction, personal jurisdiction as to certain defendants, and failure to state a claim.

On October 10, 2008, Official Capacity Defendants filed a reply brief.

On October 24, 2008, Plaintiffs filed an opposition to Individual Capacity Defendants' motion.

On November 4, 2008, Individual Capacity Defendants filed a reply brief. The Court took the matter under submission as of November 11, 2008.

## **FACTUAL ALLEGATIONS**

This action concerns a dispute over Nora's I-130 revocation and the pretermission of Nageeb's I-485 application.

The complaint alleges that in June 1996, Nageeb filed an I-589 application for political

asylum. The complaint alleges that on February 27, 2002, EOIR denied Nageeb's asylum application and ordered him removed. The complaint alleges that on or about June 9, 2003, Nora filed a I-130 application seeking to classify Nageeb as her husband and for a determination by the DHS that Nageeb was eligible to immigrate to the United States. The complaint alleges that at the time the I-130 application was filed, Nageeb was in removal proceeding before EOIR. The complaint alleges that on March 21, 2006, DHS approved Nora's I-130 application.

The complaint alleges that Nageeb filed a I-485 application for adjustment of status to that of a lawful permanent resident during the pendency of the removal proceedings. The complaint alleges that in mid-March 2007, Federal Bureau of Investigation ("FBI") agents contended that Nageeb was not divorced from his ex-wife in Yemen. The complaint alleges that Nageeb was lawfully divorced from his ex-wife in Yemen.

The complaint alleges that on May 8, 2007, Judge Webber approved all elements of Mr. Kassem's I-485 application based on Nora's approved I-130 petition but was subject to the completion of Nageeb's mandatory background check by DHS. The complaint alleges that on May 8, 2007, Judge Webber continued Nageeb's I-485 case to August 14, 2007 for purposes of allowing DHS to complete Nageeb's background check. The complaint alleges that on May 8, 2007, Judge Webber also granted Nageeb's application for a waiver of a finding of inadmissability based on false statements that had been made in Nageeb's political asylum application.

The complaint alleges that on July 31, 2007, DHS requested a further continuance because they had not completed Nageeb's background check. The complaint alleges that Judge Webber granted the DHS's request and set the hearing for January 8, 2008. The complaint alleges that on January 7, 2008, Judge Webber issued a notice resetting the January 8, 2008 hearing date to April 22, 2008. The complaint alleges that on or about January 31, 2008, Judge Webber issued an order requiring Nageeb to submit a statement of readiness showing that he had taken new fingerprints and had updated his medical exam. The complaint alleges that Judge

Webber's order required DHS to submit a statement of readiness on or before April 15, 2008 and if the background check was not complete by then, a realistic estimate of when it would be complete. The complaint alleges that on February 15, 2008, Nageeb filed an opposition to Judge Webber's order.

The complaint alleges that on March 25, 2008, DHS by its unit USCIS issued a notice of intent to revoke Nora's I-130 petition based on an alleged insufficiency of evidence of a valid divorce in Yemen. The complaint alleges that Nageeb had been divorced in Yemen and had reported that fact to USCIS prior to the approval of Nora's I-130 petition.

The complaint alleges that on March 27, 2008, DHS reported to EOIR that Nageeb's background check was still not complete and that USCIS had issued a notice of intent to revoke Nora's I-130 application and asked for another continuance. The complaint alleges that based on the DHS report, Judge Webber reset the April 22, 2008 hearing for August 26, 2008. The complaint alleges that on April 9, 2008, Nageeb responded to USCIS's notice of intent to revoke Nora's I-130 application and produced a new corroborating document from the Yemeni government proving the validity of his divorce.

The complaint alleges that on April 30, 2008, DHS by USCIS issued a notice of revocation and revoked the I-130. The complaint alleges that DHS and USCIS stated that Nora could appeal the revocation decision to the Board of Immigration Appeals ("BIA"). The complaint alleges that Nora did not appeal the decision to the BIA. The complaint alleges that Nora could file a new I-130 petition for Nageeb but did not because Plaintiffs reasonably believe that DHS and USCIS would not act timely and adjudicate or find a pretext for denying it.

The complaint alleges that on June 5, 2008, DHS informed Judge Webber that Nageeb's background check had been completed. The complaint alleges that on June 5, 2008, DHS informed Judge Webber of the I-130 revocation and requested that EOIR pretermitt Nageeb's I-485 application. The complaint alleges that DHS did not inform Judge Webber of any adversary findings arising from the background check. The complaint alleges that on June 8, 2008, Nageeb

filed an opposition to DHS's request for pretermission and submitted to Judge Webber that Nora's I-130 revocation was unlawful.

The complaint alleges that on June 17, 2008, Judge Webber pretermitted Nageeb's I-485 application on the grounds that he was ineligible to adjust his status as a result of the April 30, 2008 revocation of Nora's I-130 application. On June 17, 2008, Judge Webber entered a removal order, which Nageeb timely appealed to the BIA. The complaint alleges that the revocability of the I-130 application is not reviewable in any existing administrative appeal. The complaint alleges that plaintiffs were not required to exhaust all of their administrative remedies that might otherwise be available to them with regard to the revocation of Nora's I-130 application.

The complaint alleges that but for the refusal and failure of DHS to timely report that there was nothing in Nageeb's background that would render him inadmissible, Nageeb would have been able to enjoy permanent resident status before USCIS issued its notice of revocation. The complaint alleges that Defendants unlawfully revoked Nora's I-130 petition and pretermitted Nageeb's I-485 application.

## LEGAL STANDARD

A.   Subject Matter Jurisdiction

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a motion to dismiss for lack of subject matter jurisdiction. It is a fundamental precept that federal courts are courts of limited jurisdiction. Limits upon federal jurisdiction must not be disregarded or evaded. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). The plaintiff has the burden to establish that subject matter jurisdiction is proper. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P. 8(a)(1). When a defendant challenges jurisdiction "facially," all material allegations in the

complaint are assumed true, and the question for the court is whether the lack of federal

jurisdiction appears from the face of the pleading itself.  Thornhill Publishing Co. v. General

Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979);  Mortensen v. First Fed. Sav. & Loan

Ass'n, 549 F. 2d 884, 891 (3d Cir.1977); Cervantez v. Sullivan, 719 F. Supp. 899, 903 (E.D.

Cal.1989), rev'd on other grounds, 963 F. 2d 229 (9th Cir.1992).  A defendant may also attack the

existence of subject matter jurisdiction apart from the pleadings.  Mortensen, 549 F. 2d at 891.

B.     Personal Jurisdiction

Rule 12(b)(2) allows a motion to dismiss for lack of jurisdiction over the defendant.

When a defendant files a motion to dismiss based on lack of personal jurisdiction, a plaintiff

must make a prima facie showing of personal jurisdiction to avoid dismissal.  Lake v. Lake, 817

F.2d 1416, 1420 (9th Cir.1987); Fields v. Sedgwick Associated Risks, Ltd., 796 F.2d 299, 301

(9th Cir.1986).  In order to establish personal jurisdiction, a plaintiff must demonstrate both that

the forum state's long-arm statute confers personal jurisdiction over out-of-state defendants and

that the exercise of jurisdiction does not violate federal due process.  Gray & Co. v. Firstenberg

Machinery Co., 913 F. 2d 758, 760 (9th Cir. 1990).  Because California's long-arm statute

permits personal jurisdiction to the extent allowed by due process, the existence of specific

personal jurisdiction depends solely on the requirements of federal due process.  Cal. Civ. Pro.

§410.10;  Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F. 2d 1392, 1396 (9th

Cir. 1986).

Basic due process for personal jurisdiction requires that a defendant has fair warning that

a particular activity may subject him or her to jurisdiction.  Burger King Corp. v. Rudzewicz, 471

U.S. 462, 472, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985).  The three-part test for determining

whether or not specific jurisdiction may be exercised is as follows:  (1) "The nonresident

defendant must do some act or consummate some transaction with the forum or perform some

act by which he purposely avails himself of the privilege of conducting activities in the forum,

thereby invoking the benefits and protections of its laws."  Data Disc, Inc. v. Systems

Technology Associates, Inc. 557 F.2d 1280, 1287.  However, purposeful availment may include a defendant "whose only 'contact' with the forum state is the 'purposeful direction' of a foreign act having effect in the forum state.  Moreover, jurisdiction may be exercised with a lesser showing of minimum contact than would otherwise be required if considerations of reasonableness dictate." Haisten, 784 F. 2d at 1397; (2) "The claim must be one which arises out of or results from the defendant's forum-related activities."  Data Disc, Inc., 557 F. 2d 1280 at 1287; and ( 3) "Exercise of jurisdiction must be reasonable."  Id. at 1287.  However, "there is a presumption of reasonableness upon a showing that the defendant purposefully directed his activities at forum residents which the defendant bears the burden of overcoming by presenting a compelling case that jurisdiction would be unreasonable."  Haisten, 784 F. 2d at 1397.

C.      Failure to State a Claim

A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir. 1984).  In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).

For a complaint to avoid dismissal pursuant to Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, – U.S. – , 127 S.Ct. 1955, 1974 (2007); Weber v. Department of Veterans Affairs, 512 F.3d 1178, 1181 (9th Cir. 2008).  While a complaint need not plead "detailed factual allegations," the factual allegations it does include "must be enough to raise a right to relief

above the speculative level." <u>Twombly</u>, 127 S.Ct. at 1964-65; <u>Weber</u>, 512 F.3d at 1181.  Rule 8(a)(2) requires a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief.  <u>Twombly</u>, 127 S.Ct. at 1965 n. 3.  Thus, a Rule 12(b)(6) motion to dismiss should be granted when a plaintiff fails to nudge his or her claims "across the line from conceivable to plausible."  <u>Id</u>. at 1974.

## DISCUSSION

A.    <u>Claims against Official Capacity Defendants</u>

_____Official Capacity Defendants challenge this court's jurisdiction by filing a motion to dismiss Plaintiffs' complaint for lack of subject matter jurisdiction and for failure to state a claim.  Official Capacity Defendants argue that this court should dismiss Plaintiffs' claims for three reasons.  First, Official Capacity defendants contend that §1252 (a)(2)(B)(ii) precludes this court from reviewing discretionary actions taken under the Immigration and Nationality Act ("INA").  Second, Official Capacity Defendants contend that Plaintiffs have failed to exhaust their administrative remedies available to them by challenging the revocation of the I-130 and the pretermission of the I-485 to the BIA.  Lastly, Official Capacity Defendants contend that Plaintiffs have not alleged the necessary waiver of sovereign immunity for a suit against the federal government.

    1.    <u>Subject Matter Jurisdiction</u>

As a threshold matter, this court must determine whether it has subject matter jurisdiction.  Plaintiffs contend this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, which creates federal question jurisdiction and § 1361, which provides for mandamus relief.

    2.    <u>Mandamus Jurisdiction</u>

Plaintiffs assert in their jurisdictional statement that this court has subject matter jurisdiction to review the revocation of Nora's I-130 petition and the pretermission of Nageeb's I-485 application pursuant to § 1336.  <u>See</u> Plaintiffs' complaint ¶1.  The Mandamus Act vests a

district court with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." Kildare v. Saenz, 325 F.3d 1078, 1084 (9th Cir. 2003) (quoting Patel v. Reno, 134 F.3d 929, 931 (9th Cir. 1997)).

In order to invoke the Mandamus Act, Plaintiffs must demonstrate that the Defendants failed to perform a non-discretionary duty owed to the Plaintiffs. Here, it is clear that the Defendants had a non-discretionary duty to act and process Nora's I-130 application and Nageeb's I-485 application. Liu v. Chertoff, No. 2:06-CV-2808-RRB-EFB, 2007 WL 2433337, at *3 (E.D. Cal. Aug. 22, 2007) ("[the] duty to **process** I-485 applications under §1255 is non-discretionary.") (emphasis in original); see Dong v. Chertoff, 513 F. Supp.2d 1158, 1165 (N.D. Cal. 2007) ("there exists a non-discretionary duty to act on and process the [I-485] application."); Razaq v. Poulos, No. 06-2461-WDB, 2007 WL 61884, at *3 (N.D. Cal. January 8, 2007) (finding that USCIS has a mandatory duty to decide whether to grant or deny an I-130 application and is not authorized to make no decision). In the instant matter, unlike Liu and Dong, the Defendants have acted and processed Plaintiffs' I-130 and I-485 applications. While Plaintiffs may disagree with the outcome of the Defendants' actions, the fact remains that Defendants have processed the applications. Accordingly, because Plaintiffs have not specified a nondiscretionary duty owed to the Plaintiffs that Defendants failed to perform, this court lacks jurisdiction pursuant to the Mandamus Act.

3.   Jurisdiction under the APA and § 1331

Plaintiffs also mention in their second claim for relief that they are entitled to injunctive relief under the Administrative Procedures Act ("APA"). See Plaintiffs' complaint ¶92. Plaintiffs, however, do not explain why they believe this court has subject matter jurisdiction

pursuant to the APA. In particular, Plaintiffs do not indicate what section of the APA they would like to invoke. Plaintiffs' single reference to the APA, without any specific statutory citation or case citation is not sufficient to properly allege jurisdiction. Plaintiffs' sole allegation of subject matter jurisdiction is currently based on 28 U.S.C. §§1331 and 1361, which do not permit judicial review under the facts of this case as discussed above. Additionally, Plaintiffs have not provided enough information for the court to determine whether Plaintiffs state a cognizable APA claim. Accordingly, Plaintiffs fail to adequately invoke this court's subject matter jurisdiction pursuant to the APA and fail to state a viable APA claim.

### 4. Conclusion

Based on the complaint as currently plead, Plaintiffs' vague allegations fail to properly invoke this court's subject matter jurisdiction. Therefore, Official Capacity Defendants' motions to dismiss Plaintiffs' causes of action against them are granted with leave to amend. When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegations of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); Chang v. Chen, 90 F.3d 1293, 1296 (9th Cir. 1996). Leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002). Because it *may* be possible for Plaintiffs to invoke this court's subject matter jurisdiction and state a viable APA claim, the court will afford Plaintiffs an opportunity to cure the pleading deficiencies identified above.[1] Additionally, because the court grants Defendants' motion for lack of subject matter jurisdiction under Rule 12(b)(1), the court declines to address their 12(b)(6) argument.

### B. Claims against Individual Capacity Defendants

Individual Capacity Defendants challenge this court's jurisdiction by filing a motion to

---

[1] Given that Plaintiffs have already amended their complaint several times, the court will grant Plaintiffs one final opportunity to amend their complaint but is not inclined to grant the Plaintiffs any further leave to amend beyond this grant without good reason.

11

dismiss Plaintiffs' complaint for lack of subject matter jurisdiction pursuant to Rule12(b)(1), personal jurisdiction under Rule 12(b)(2) , and for failure to state a claim under Rule 12(b)(6). Defendants argue that this court does not have jurisdiction for five reasons.  First, Defendants contend that the INA divests this court of subject matter jurisdiction to hear Plaintiffs' <u>Bivens</u> claims.  Second, Defendants contend the INA is a special factor precluding <u>Bivens</u> damages. Third, Defendants argue that Plaintiffs' constitutional claims against individual defendants Judge Webber and Chief Judge Neal are barred because they are entitled to absolute immunity.  Fourth, Defendants contend that Plaintiffs' constitutional claims should be dismissed because the non-judicial defendants are entitled to qualified immunity.  Lastly, Defendants contend that Plaintiffs' constitutional claims against individual defendants Chertoff, Myers, Scharfen, Mukasey and Chief Judge Neal do not have the requisite minimum contacts with California to establish this court's personal jurisdiction over them.

1.    Bivens Claim

Plaintiffs are seeking a judgment for damages against Defendants Chertoff, Myers, Scharfen, Riding, Alcantar, Lefevre, Mukasey, Chief Judge Neal and/or Judge Webber pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 103 U.S. 488 (1971).  <u>Bivens</u> recognizes a private right of action against federal officials in their individual capacity for violating a plaintiff's constitutional rights.  Plaintiffs appear to base their cause of action on the alleged denial of their substantive and procedural due process rights and equal protection of the law and for alleged deprivations of their constitutional right "to enjoy the companionship and benefits of marriage."  <u>See</u> Plaintiffs' complaint  ¶123-127.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiffs obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels, and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Twombly</u>, 127 S.Ct. at 1964-65.  Plaintiffs, however, do not provide the court with the grounds for the alleged constitutional deprivations.  For example, Plaintiffs do not allege facts that explain how the

12

Defendants are depriving Nora and Nageeb of contact with each other and the companionship and benefits of marriage.  Plaintiffs also do not explain how such companionship is constitutionally protected.  Therefore, Defendants' motion to dismiss pursuant to 12(b)(6) is granted with leave to amend.

2.    Conclusion

Based on the complaint as currently plead, the court is unable to determine whether Plaintiffs state a cognizable Bivens claim.  Accordingly, the court will grant Plaintiffs leave to amend to allege facts which support a deprivation of a right secured by the constitution.  Additionally, because the court grants Defendants' motion under Rule 12(b)(6), the court declines to address their 12(b)(1) or 12(b)(2) arguments

**ORDER**

For the reasons discussed above, the court orders that:

1.    Official Capacity Defendants' motion to dismiss Plaintiffs' claims against them is GRANTED and Plaintiffs are granted leave to amend.

2.    Individual Capacity Defendants' motion to dismiss Plaintiffs' claims against them is GRANTED and Plaintiffs are granted leave to amend.

IT IS SO ORDERED.

**Dated:    March 26, 2009**               /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE

13