IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAGEEB KASSEM, et al., ) | 08-CV-00010 AWI-SMS |
| ) | |
| Plaintiffs, ) | ORDER ON PLAINTIFFS' |
| ) | OBJECTIONS TO COURT'S |
| v. ) | JULY 29, 2009 ORDER |
| ) | VACATING ORAL ARGUMENT |
| JANET NAPOLITANO, et al., ) | (Document #77) |
| ) | |
| Defendants. ) | |

On July 30, 2009, Plaintiffs filed an eight-page objection to this court's July 29, 2009 order, which pursuant to L. R. 78-230 (h)[1] vacated an oral argument hearing on Defendants' motion to dismiss that was set for August 3, 2009.  Plaintiffs request that this court reset the oral argument hearing or in the alternative grant Plaintiffs the right to file a sur-reply.  Plaintiffs argue that the court's decision to take this matter under submission without oral argument constitutes a violation of Plaintiffs' due process rights under the Fifth Amendment.

The court has reviewed Plaintiffs' objections and does not find that oral argument is a requisite element of due process or that Plaintiffs' due process rights have been violated.  In fact, Plaintiffs' counsel, himself, acknowledges that the Supreme Court has held that oral argument is

---

[1] L.R. 78-230(h) provides that: "Upon the call of the motion, the Court will hear appropriate and reasonable oral argument.  Alternatively, the motion may be submitted upon the record and briefs on file if the parties stipulate thereto, <u>or if the Court so orders</u>, subject to the power of the court to reopen the matter for further briefs or oral arguments or both."

not required as an element of due process.  See Plaintiffs' objections at page 6.  Plaintiffs do not cite to any Ninth Circuit case law that holds oral argument to be a necessary requirement of due process.  Rather, Plaintiffs rely on a 1964 Ninth Circuit case for the proposition that: "the opportunity to be heard orally on questions of law is not an inherent element of procedural due process."[2]  See Plaintiffs' objections at page 7.  This court agrees.  Accordingly, the court denies Plaintiffs' request for the court to reset the matter for oral argument.

Moreover, in support of Plaintiffs' due process argument, Plaintiffs' counsel, Bruce Leichty, represents that he has appeared in a number of civil cases assigned to Judge Ishii in the past several years, and that in each case, Judge Ishii has dropped the hearings from the calendar and ruled against him.  See Plaintiffs' objections at page 3.  Mr. Leichty further asserts that "in each of those cases, (including the last time in this case when a hearing was dropped from calendar), [Mr. Leichty] has identified errors of fact or law in the subsequent decision of the court issued without benefit of oral argument, which [Mr. Leichty] believes could have been prevented by oral argument."  Id.  Furthermore, Plaintiffs' counsel explains that he is "a graduate of a distinguished law school (Boalt Hall at UC Berkeley) and admitted to practice before several courts of appeal and the U.S. Supreme Court, and a former extern at the 9th Circuit Court of Appeals, is an astute and principled litigator, and does not accept that he is simply always wrong, but he does allow for the possibility that judges do not always become fully engaged on a given

---

[2] The court notes that the quote cited by Plaintiffs' counsel can be found in its entirety at Dredge Corp. v. Penny, 338 F.2d 456, n.14 (9th Cir. 1964) and reads:

> We do not specifically rest this conclusion on due process grounds, nor do we disclaim this basis for the view expressed. The opportunity to be heard orally on questions of law is not an inherent element of procedural due process, even where substantial questions of law are involved. The right of oral argument as a matter of procedural due process, as the Supreme Court has said, '* * * varies from case to case in accordance with differing circumstances, as do other procedural regulations.'  See Federal Communications Commission v. WJR, 337 U.S. 265, 276, 69 S.Ct. 1097, 1103, 93 L.Ed. 1353. See also, Sun Oil Company v. Federal Power Commission, 5 Cir., 256 F.2d 233, 240-241.

matter." See Plaintiffs' objections at pages 3-4.[3]  The court, however, notes that an attorney's introspective self-assessment of their astuteness and abilities plays no role in the court's decision in whether to take a matter under submission without oral argument.  Moreover, where an attorney went to law school does not factor into the court's decision.

Plaintiffs' counsel seeks permission to file a sur-reply as alternative relief.  Pursuant to the Local Rules, parties are not entitled to sur-replies.  See L.R. 78-230.  Additionally, it is not apparent to the court how helpful a sur-reply would be in this case given the extensive briefing and in light of the fact that the court has had the opportunity to familiarize itself with the facts and law of this case by reviewing four amended complaints and one complete round of motions to dismiss.  Nonetheless, the court will permit Plaintiff to file a sur-reply for purposes of responding to new arguments, if any, that arose in Defendants' replies and for which Plaintiff has not had the opportunity to address.

## ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' request for oral argument is DENIED and Plaintiffs' request to file a sur-reply is GRANTED.  Plaintiff may file a sur-reply on or by August 17, 2009.

IT IS SO ORDERED.

**Dated:   July 31, 2009**               **/s/ Anthony W. Ishii**
                                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The remainder of Plaintiffs' counsel's brief is riddled with Mr. Leichty's complaints about counsel's experience with the Eastern District, including: "[an attorney's] chances of getting the ear of the judge himself, rather than a law clerk of uncertain acumen who does most of the work-up on any given motion, and their chances of having the judge recognize the true issues presented by the motion and the merits of their motions, and the chances that the judge will take personal responsibility for crafting an opinion after hearing, are minimized to the extent they cannot be heard by the judge...." See Plaintiff's objections at page 4.  As these are Mr. Leichty's opinions and not based on case law, the court need not address them.