IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAGEEB KASSEM, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JANET NAPOLITANO, et al., ) <br> ) <br> ) <br> Defendants. ) <br> _____) | NO. 1:08-CV-0010-AWI-SMS <br><br> ORDER ON PLAINTIFFS' SUR-REPLY <br><br> (Documents #80 and #81) |

On August 17, 2009, Plaintiffs filed their sur-reply pursuant to the Court's July 29, 2009 order, which authorized Plaintiffs to file a sur-reply. Embedded in Plaintiff's approximate 86 line footnote, Plaintiffs state: "Plaintiffs make the following comments about the 'Order on Plaintiffs' Objections to Court's July 29, 2009 Order Vacating Oral Argument,' since Plaintiffs believe that in the course of conveying permission to file this Sur-Reply, the Court has demonstrated bias against the petitioning parties - - whether originating with Judge Ishii or his law clerk (s) - - which should prompt consideration by Judge Ishii of whether to recuse himself. Plaintiffs's counsel believes that bias on the part of the Court has already contributed to a lack of

1  access to justice in this action." See Plaintiffs' Sur-Reply footnote 1 at page 5.  The court has
2  reviewed Plaintiffs' comments and finds that Plaintiffs have failed to demonstrate "deep-seated
3  favoritism or antagonism that would make fair judgment impossible." See Liteky v. United
4  States, 510 U.S. 540, 555 (1994).
5      28 U.S.C. § 455(a) provides in pertinent part that:
6      (a) Any justice, judge, or magistrate judge of the United States shall disqualify
7      himself in any proceeding in which his impartiality might reasonably be
8      questioned.
9  A judge has an affirmative duty to recuse himself "in any proceeding in which his impartiality
10 might reasonably be questioned." Liteky, 510 U.S. at 555 (citation omitted).  The substantive
11 standard for recusal under 28 U.S.C. § 455 is "whether a reasonable person with knowledge of all
12 the facts would conclude that the judge's impartiality might reasonably be questioned." United
13 States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997).  The alleged bias must stem from an
14 "extrajudicial source." Liteky, 510 U.S. at 544-56.  Normally, rulings by a court during the
15 course of a case cannot be extra-judicial conduct.  See Nilsson, Robbins, Dalgarn, Berliner,
16 Carson & Wurst v. Louisiana Hydrolec, 854 F. 2d 1538, 1548 (9th Cir. 1988); Hasbrouck v.
17 Texaco, Inc., 830 F. 2d 1513, 1523-24 (9th Cir. 1987).  Judicial bias or prejudice formed during
18 current or prior proceedings is sufficient for recusal only when the judge's actions "display a
19 deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510
20 U.S. at 555; Pesnell v. Arsenault, 543 F.3d 1038, 1044 (9th Cir. 2008).  However, "expressions
21 of impatience, dissatisfaction, annoyance, and even anger" are not grounds for establishing bias
22 or impartiality, nor are a judge's efforts at courtroom administration.  Liteky, 510 U.S. at 555-56;
23 Pesnell, 543 F.3d at 1044.  Judicial rulings may support a motion for recusal only "in the rarest of
24 circumstances." Liteky, 510 U.S. at 555; United States v. Chischilly, 30 F.3d 1144, 1149 (9th
25 Cir.1994).
26     Plaintiffs do not allege any extrajudicial source for the undersigned's alleged bias.  Nor
27
28     2

do Plaintiffs demonstrate such a deep-seated favoritism on the part of the undersigned as to make fair judgment impossible.

Accordingly, Plaintiffs have failed to show that they cannot receive an impartial, fair judgment from the undersigned in this matter.  However, to the extent that Plaintiffs would like to file a formal motion for recusal, the Court will, of course, review it.

IT IS SO ORDERED.

Dated:     September 1, 2009                          /s/ Anthony W. Ishii
                                                                  CHIEF UNITED STATES DISTRICT JUDGE